[No. 12977.   Department One.   February 4, 1916.]

PHILIP BERTRAND, *Appellant*, v. WILLIAM HUNT, *as Administrator etc. et al., Respondents.*[1]

PRINCIPAL AND AGENT—RELATION—NEGLIGENCE—ACTS OF AGENTS—
AGENCY OR BAILMENT.  Where plaintiff allowed a prospective buyer
and sales agent, who was indirectly interested in plaintiff's sale, to
take plaintiff's automobile for a few days for the purpose of demon-
stration and teaching the buyer to drive the car, and the car was
damaged and the buyer killed while attempting to drive the car
under the sales agent's instructions, the sales agent was plaintiff's
agent and his negligence, if any, was plaintiff's negligence; and the
estate of the deceased buyer is not liable for the loss of the car or
the negligence of the buyer as a gratuitous bailee.

Appeal from a judgment of the superior court for Grays
Harbor county, Sheeks, J., entered July 20, 1915, upon find-
ings in favor of the defendant, in an action for damages,
tried to the court.   Affirmed.

*Bridges & Bruener*, for appellant.

*Hogan & Graham*, for respondent Hunt.

*G. R. Snider*, for respondent Poulson.

CHADWICK, J.—Plaintiff was the owner of a Chalmers au-
tomobile.   He learned that Mrs. Minnie Leitch might buy a
machine.   He sought her out and offered his machine for
$1,200.   Defendant Poulson operated a garage at Aber-
deen, and was the selling agent for the Chalmers company.
It coming to the knowledge of Poulson that plaintiff had
spoken to Mrs. Leitch, and believing that he might be able
to sell plaintiff a new car of the same make, he took it upon
himself to discuss the matter with her, he being a boarder
at her house.

On the 22d day of May, 1914, Poulson was at the home
of Mrs. Leitch for lunch, and he asked her to go with him
and examine and ride in the car of the plaintiff.   They

[1]Reported in 154 Pac. 804.

must have discussed, in some way, the price and size of the car. Testimony shows that Poulson had obtained the offer of better terms than had been made by plaintiff, that is to say, that if Mrs. Leitch bought the car, plaintiff would take $600 down and $600 in sixty or ninety days without interest. At any rate, Mrs. Leitch went with Poulson and they drove to the place where plaintiff had his car. Poulson obtained a tape line and measured the car to see if it would go into a chicken house which Mrs. Leitch intended to use as a garage if she bought the car.

Plaintiff testifies that he was about to make some repairs on the car in the way of putting in a new pump, and that Mrs. Leitch suggested that they be allowed to take the car and return it in a day or two when he might make the repairs. The other witnesses do not agree whether Mrs. Leitch or Poulson made such proposal. The weight of testimony would sustain the finding that if any such suggestion was made, it was made by Poulson. Poulson and Mrs. Leitch took the car. After driving for a few blocks, Mrs. Leitch got into the driver's seat so that Poulson could teach her the working of the machine. He had had her, with some friends, out with him the night before for the purpose of instructing her, and a few days before had directed her in driving a car from the golf grounds into the city.

While driving down a hill on Fourth street, Mrs. Leitch at the wheel, the car came to a bridge situated at an angle of about forty-five degrees with the road. Mr. Poulson testifies that he directed Mrs. Leitch to turn to the left, and that, instead of turning to the left, she gave a quick turn to the right. The car went over a sidewalk, into the railing, and down into the gulch below. Mrs. Leitch was killed, and this action was brought on the theory that Poulson and Mrs. Leitch were gratuitous bailees and liable to answer for the damages to the machine.

The court below found that Poulson was not the agent of the plaintiff, and found him liable for the damages sustained.

He further found that Mrs. Leitch was in no way responsible for the accident, and entered judgment accordingly. Poulson has not appealed.

Appellant accepts the findings of fact and instances that, inasmuch as Poulson was not the agent of respondent, it follows that he was a gratuitous bailee, and that Mrs. Leitch, having an interest in the purchase of the car, was equally liable with him. This might be so under some circumstances, but we cannot agree with the finding, which was excepted to, that Poulson was not the agent of the appellant.

Mrs. Leitch was no more than a prospective buyer. Plaintiff was desirous of selling his machine. Poulson believed if the machine were sold he would be able to replace it with a new machine. Appellant knew of his interest in the transaction and allowed him to take the car for the purpose of demonstration in furtherance of the mutual designs.

The car would not have been taken under the circumstances if it had not been for the suggestion of Poulson, and we may assume that appellant would not have permitted his car to be taken by any prospective buyer unless he was satisfied that he was a competent and efficient driver, or in the company and under the direction of a skillful chauffeur.

The law will not put an inexperienced person, who is learning to drive an automobile in the presence of and under the tuition of an experienced man, to the hazard of answering in damages unless there is proof of positive negligence. We find no such proof in the record.

It may be suggested that there is no proof that Poulson was ever made the agent of appellant, but agency may be implied from all the attending circumstances. To state the rule in a negative way, a person may so use his property with relation to others that he will be estopped to deny an agency.

We find that the duty of care to safely guide the machine was upon Poulson; that he was the agent of appellant; and

that the negligence, if any, was the negligence of the agent, and in law, that of the plaintiff, and that he cannot maintain an action against the estate of Mrs. Leitch.

Affirmed.

MORRIS, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.